```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
          Plaintiff,         )
     v.                      )   CRIMINAL NO.05-10182-JLT
                             )
RAPHAEL GONZALEZ,            )
     "a/k/a Rafi, et al.,    )
          Defendants.        )
```

**PRELIMINARY ORDER OF FORFEITURE**

**TAURO, D.J.**

WHEREAS, on July 20, 2005, a federal grand jury sitting in the District of Massachusetts returned a seven-count Indictment charging Defendant Rafael Gonzalez, a/k/a "Rafi", (the "Defendant"), with Conspiracy to Distribute Oxycodone and Cocaine, in violation of 21 U.S.C. § 846 (Count One); Distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count Two); Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1), and Aiding and Abetting, in violation 18 U.S.C. § 2 (Counts Four, Five, and Six); and Possession With Intent to Distribute 500 Grams or more of Cocaine, in violation of 21 U.S.C. § 841(a)(1), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count Seven);[1]

WHEREAS, the Indictment also contained a Forfeiture Allegation seeking forfeiture, pursuant to 21 U.S.C. § 853, of

---

[1] Rafael Gonzalez was not named in Count Three of the Indictment.

1

any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, such property includes, but is not limited to, the following:

  (a) $41,963 in United States Currency seized on June 2, 2005, from 14 Cousins Street, Salem, Massachusetts;[2]

  (b) one 2000 BMW X5, Vehicle Identification Number WBAFB3359YLH05841, Massachusetts registration number 31MC25, seized on June 2, 2005; and

  (c) the real property located at 14 Cousins Street, Salem, Massachusetts 01970, more specifically described in the deed recorded on December 31, 2003, in the Essex South County registry of deeds, book 22250, page 468,

(collectively, the "Property");

 WHEREAS, the Indictment further provided that, if the Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without

---

[2] This asset was forfeited administratively on November 13, 2005, and therefore is no longer available to the United States for criminal forfeiture.

difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on September 5, 2007, at a Rule 11 hearing, the Defendant pleaded guilty to Counts One, Two, Four, Five, Six and Seven of the Indictment, and the Court accepted his plea. At the change of plea hearing, the United States set forth the factual basis for forfeiture of the Property, and the Defendant stated that he did not dispute the relevant facts; and

WHEREAS, by virtue of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property, or substitute assets, in a value up to the value of the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea, that the government has established the requisite nexus between the Property and the offenses to which the Defendant pleaded guilty. Accordingly, Defendant's interest in the Property is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a) and (p).

2. If the Property, as a result of any act or omission by

the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Property, pursuant to 21 U.S.C. § 853(p).

3. The United States Marshals Service shall seize and hold the Property in its secure custody and control.

4. Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853, the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Property in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property, shall be signed by the petitioner under penalty of perjury and shall set forth the

nature and extent of the petitioner's right, title or interest in the forfeited Property and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

    5.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

                                                 /s/ Joseph L. Tauro
                                                 JOSEPH L. TAURO
                                                 United States District Judge

Dated: 3/3/08

5