UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAFAEL GONZALEZ ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Criminal Action No. 05-10182-JLT |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

REPORT AND RECOMMENDATION ON
PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255

October 28, 2011

SOROKIN, M.J.

The Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Docket #100. For the following reasons, I RECOMMEND the Petitioner's motion be DENIED.

I. PROCEDURAL BACKGROUND

A seven-count indictment was returned on July 20, 2005, charging the Petitioner with conspiracy to distribute oxycodone and 500 grams or more of cocaine in violation of 21 U.S.C. § 846 (Count One); distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting, in violation of 18 U.S.C. § 2 (Count Two); distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting in violation of 18 U.S.C. § 2 (Counts Four, Five

1

and Six); and possession of cocaine with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting, in violation of 18 U.S.C. § 2 (Count Seven). Docket #112 at 2. The Petitioner filed a motion to suppress the drug evidence, which, following a suppression hearing, was denied on February 27, 2007. Id. On September 4, 2007, without the benefit of a plea agreement, the Petitioner entered a conditional plea of guilty, pursuant to Rule 11(a)(2), reserving the right to appeal the denial of the motion to suppress. Id. A sentencing hearing was held on December 4, 2007, and the Court, adopting the government's recommendation, sentencing the Petitioner to 188 months, followed by four years' supervised release. Id. at 4-5. The Petitioner appealed the denial of his motion to suppress. On October 29, 2009, the Court of Appeals affirmed the judgment. Id. at 5. The Petitioner then filed a petition for a writ of certiorari, which was denied on March 8, 2010. Id. at 5; Gonzalez v. United States, 130 S.Ct. 1749 (2010). The Petitioner filed this motion pursuant to 28 U.S.C. § 2255 on March 4, 2011.

II.     ANALYSIS

"In seeking collaterally to attack their convictions under section 2255, defendants bear the burden of establishing by a preponderance of the evidence that they are entitled to relief." United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir.1978). "In determining whether the petitioner has carried the devoir of persuasion in this respect, the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." United States v. McGill, 11 F.3d 223, 225 (1st Cir.1993). An evidentiary hearing is unnecessary "when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the

alleged facts by the files and records of the case. . . . In other words, a § 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible." Id. (internal citations omitted).

The Petitioner advances four arguments in support of his motion. Docket #101 at 4-14. All four are premised on an overarching claim that the Petitioner's appellate counsel was constitutionally ineffective for failing to present these arguments. Docket #101 at 14-17. To succeed on a claim of ineffective assistance of counsel, the Petitioner must establish "(1) counsel's performance fell below an objective standard of reasonableness, and (2) the deficient performance resulted in prejudice to the applicant." West v. United States, 631 F.3d 563, 567 (1st Cir.2011), citing Strickland v. Washington, 466 U.S. 668, 687 (1984).

First, Petitioner contends that multiple telephone calls made by him were recorded by DEA agents in violation of 18 U.S.C. §§ 2510-2522 (Title III) because the Petitioner (as the caller) never consented to having the call recorded. Pursuant to 18 U.S.C. § 2511(2)(c), "[i]t shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception." See United States v. Font-Ramirez, 944 F.2d 42, 47 (1st Cir.2005)("[t]he statute permits the taping of conversations without approval if a person who is a party to the conversation gives prior consent"). There is no requirement that the consenting party be the "caller" as opposed to the "callee."

Second, the Petitioner argues that controlled drug purchases made by the confidential

3

source constituted sentencing factor manipulation. Docket #101 at 7-9.

> "Sentencing factor manipulation occurs where law enforcement agents venture outside the scope of legitimate investigation and engage in extraordinary misconduct that improperly enlarges the scope or scale of the crime. . . . A manipulation claim can be established by showing that the agents overpowered the free will of the defendant and caused him to commit a more serious offense than he was predisposed to commit. . . . A typical sentencing factor manipulation claim involves undercover agents participating in criminal activity with the defendant and waiting to make an arrest for the sole purpose of increasing the defendant's sentence by encouraging the commission of a crime that the defendant was not predisposed to commit."

United States v. Barbour, 393 F.3d 82, 86 (1st Cir.2004). The Petitioner's argument that the government made multiple purchases from him "in excess of established evidence needed to acquire a conviction" does not present circumstances rising to the standard required for a claim of sentencing manipulation, as articulated above. Docket #101 at 8.

Third, the Petitioner argues that the government's failure to include the quantity of drugs in the indictment violated Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 534 U.S. 220 (2005). Docket #101 at 10-11. "[J]udicial fact-finding on drug quantity is constitutionally permissible," United States v. Arango, 508 F.3d 34, 41 (1st Cir.2007), and may be determined by the sentencing court on a preponderance of the evidence. United States v. Cintron-Echautegui, 604 F.3d 1, 6 (1st Cir.2010). Apprendi and Booker require that "any fact necessary to support a sentence *exceeding the statutory maximum* (other than a prior conviction) must be found by a jury beyond a reasonable doubt or admitted by the defendant." United States v. Arango, supra. At his Rule 11 hearing, the Petitioner admitted to responsibility for 500 or more grams of cocaine (the amount charged in the indictment), thereby triggering a 40-year statutory maximum. Docket #112 at 12. As discussed, the Petitioner received a sentence of 188 months incarcerated, and 4 years supervised release. The Petitioner's argument therefore is not

4

meritorious.

Finally the Petitioner argues that his four-year term of supervised release is improper because the addition of that 48-month term to the 188-month term of imprisonment results in 236 months, exceeding the guideline sentencing range of 188 to 235 months. However, the sentencing range he references addresses only the term of imprisonment. Supervised release is separate. The maximum period of supervised release is established by reference to 18 U.S.C. § 3583. Within that maximum, the Guidelines suggest the proper range. U.S. Sentencing Guidelines Manual § 5D1.2 (1987)(as amended through 2010). Both the term of imprisonment and the term of supervised release were within the applicable statutory maximums.

Because the substance of the Petitioner's four claims is not meritorious, his claim of ineffective assistance of counsel based on the failure to assert these claims fails. The Petitioner has established neither that his counsel was constitutionally ineffective, nor that he is entitled to relief under 28 U.S.C. § 2255.

III. CONCLUSION

For the foregoing reasons, I RECOMMEND that the Court DENY the Petitioner's motion pursuant to 28 U.S.C. § 2255.[1]

SO ORDERED.

                /s / Leo T. Sorokin
                UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).